UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DANIEL LUGO,   CASE NO.: 9:22-cv-81939-DMM

      Plaintiff,

v.

GREEN ISLAND INN, LLC,

      Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, GREEN ISLAND INN, LLC ("Defendant"), by and through undersigned counsel and pursuant to the Federal Rule of Civil Procedure, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint, as follows:

1. Denied.
2. Admitted for venue purposes only. Otherwise denied.
3. Denied.
4. Denied.
5. This is a legal conclusion, therefore denied.
6. This is a legal conclusion, therefore denied.
7. This is a legal conclusion, therefore denied.
8. This is a legal conclusion, therefore denied.
9. This is a legal conclusion, therefore denied.
10. Denied.
11. Unknown, therefore denied.
12. Denied.
13. Defendant re-avers its answers to Paragraphs 1-12 above as though fully set forth herein.
14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Defendant re-avers its answers to Paragraphs 1-12 above as though fully set forth herein.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## **AFFIRMATIVE DEFENSES**

Subject to its responses above, and without conceding that any of the following defenses must necessarily be pled or that any such defenses are not already at issue by virtue of the foregoing denials, Defendants assert the following defenses. Defendants undertake the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative and other defenses described below, Defendants reserve the right to amend this Answer and the Affirmative Defenses as additional information is obtained.

1. Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of standing to assert such claims. Plaintiff is not a qualified individual with a disability under the ADA. Further, there is an insufficient nexus between Plaintiff's alleged disability and the proposed modifications. Finally, Plaintiff cannot demonstrate an immediate intent to return to the subject property.

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff's proposed modifications are not readily achievable.

3. Plaintiff's claims are barred, in whole or in part, because the proposed modifications and/or steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, and/or accommodations provided.

4. Plaintiff's claims are barred, in whole or in part, because the proposed modifications would constitute an undue burden on Defendants.

5. Plaintiff's claims are barred, in whole or in part, because the proposed modifications would result in a direct threat to the safety of others.

6. Plaintiff's claims are barred, in whole or in part, because the proposed modifications are structurally impracticable.

7. Plaintiff's claims are barred, in whole or in part, because the proposed modifications are technically infeasible.

8. Plaintiff has failed to provide Defendants with notice and/or an opportunity to cure any alleged violations, all such violations being specifically denied, and therefore Plaintiff and her counsel are not entitled to any relief, nor are they entitled to recover attorneys' fees or costs.

9. Some of the modifications demanded by Plaintiff are subject to and limited by applicable local, state, or other laws, and, as such, may not be able to be performed; assuming *arguendo* that such modifications would otherwise be required.

10. Any and all violations of the ADA have been remediated, or will be remediated prior to the entry of judgment, and therefore Plaintiff's claims are moot.

11. Plaintiff's claims are barred to the extent that said violations were part of a prior ADA lawsuit, and were remediated as part of a settlement in said lawsuit and said remediation plan led to the dismissal of the prior case.

12. Plaintiff has not alleged, nor can he show, that future harm, if any, is imminent and irreparable. As result, injunctive relief is not appropriate and this Court lacks jurisdiction.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend these affirmative defenses as and if appropriate as discovery in this case proceeds.

DATED this **23rd** day of **January,** 2023.

>Respectfully Submitted,
>
>LAW OFFICES OF NOLAN KLEIN, P.A.
>*Attorneys for Defendant*
>5550 Glades Road, Suite 500
>Boca Raton, FL 33431
>PH: (954) 745-0588
>
>By: */s/ Nolan Klein*
>NOLAN KLEIN, ESQ.
>Florida Bar No. 647977
>klein@nklegal.com
>amy@nklegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing instrument was e-filed with the Clerk of the Court using CM/ECF, this **23rd** day of **January,** 2023.

>By: */s/ Nolan Klein*
>NOLAN KLEIN, ESQ.
>Florida Bar No. 647977

## SERVICE LIST:

**DREW M. LEVITT, ESQ.**
Florida Bar No. 782246
**LEE D. SARKIN, ESQ.**
Florida Bar No. 962848
4700 N.W. Boca Raton Boulevard, Ste. 302
Boca Raton, FL 33431
Ph:   (561) 994-6922
Fax:  (561) 994-0837
drewmlevitt@gmail.com
lsarkin@aol.com
*Attorneys for Plaintiff*

4